# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00385-DDD-STV

JOSE LARA MEJIA,

    Plaintiff,

v.

JUAN BALTASAR, Warden of Aurora Contract Detention Facility;
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT;
ROBERT GUARDIAN, Director for the Denver Field Office of Immigration and Customs Enforcement;
KRISTI NOEM, U.S. Secretary of Homeland Security;
TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement;
PAMELA JO BONDI, Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
SIRCE OWEN, Acting Director for Executive Office of Immigration Review; and
U.S. DEPARTMENT OF HOMELAND SECURITY,

    Respondents.

_____

## ORDER OF RECUSAL
_____

Chief Magistrate Judge Scott T. Varholak

    28 U.S.C. § 455(a) requires that a judge disqualify himself in any proceeding in which his impartiality might be reasonably questioned. The provision is self-enforcing on the part of the judge. *See United States v. Pearson*, 203 F.3d 1243, 1276–77 (10th Cir. 2000). Simply put, "[w]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994).

    Upon review of the file of this case, I conclude that I must recuse myself from further service in this case. My wife is a partner at Holland & Hart LLP, and Holland & Hart LLP has entered an appearance in this case. **IT IS ORDERED** that:

(1) I recuse myself from further service in this matter; and

(2) The Clerk of Court shall cause this case to be reassigned to another magistrate Judge.

DATED: February 4, 2026

BY THE COURT:

s/Scott T. Varholak
Chief United States Magistrate Judge

2