**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00385-NYW-TPO

JOSE LARA MEJIA,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
GEORGE VALDEZ, in his official capacity,[1]
KRISTI NOEM, in her official capacity,
TODD LYONS, in his official capacity,
PAMELA BONDI, in her official capacity,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
SIRCE OWEN, in her official capacity, and
U.S. DEPARTMENT OF HOMELAND SECURITY,

     Respondents.

_____

## MEMORANDUM OPINION AND ORDER
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus (the "Petition"). [Doc. 1].[2]  The Petition is fully briefed.  [Doc. 12; Doc. 14].  For the reasons set forth in this Order, the Petition is respectfully **GRANTED**.

## BACKGROUND

Petitioner Jose Lara Mejia ("Petitioner" or "Mr. Lara Mejia") is a citizen of Mexico

---

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez is automatically substituted into this case as the acting Field Office Director of the Aurora Field Office.

[2] The Petition was filed on January 30, 2026 and was assigned to the Honorable Daniel D. Domenico.  [Doc. 1; Doc. 2].  On March 17, 2026, Chief Judge Domenico entered an Order of Recusal, [Doc. 15], and the case was then reassigned to the undersigned, [Doc. 16].

who has been present in the United States since 1999. [*Id.* at ¶¶ 1, 24]. He was detained by ICE officers on January 26, 2026 and is currently detained in the Aurora Contract Detention Facility. [*Id.* at ¶¶ 1, 13]. He has not been given a bond hearing. [*Id.* at ¶ 24].

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *See* [*id.* at ¶ 13; Doc. 12 at 1–2]. Petitioner disputes the Government's interpretation of § 1225(b) and contends that he is actually detained under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. [Doc. 1 at ¶¶ 13, 57–59].

The Petition asserts two claims for relief: (1) one count asserting a violation of the Immigration and Nationality Act ("INA") ("Count One"), [*id.* at ¶¶ 62–64]; and (2) one count asserting a violation of Petitioner's Fifth Amendment due process rights ("Count Two"), [*id.* at ¶¶ 65–68]. Mr. Lara Mejia asks this Court to, among other things, issue a writ of habeas corpus requiring Respondents to release him immediately or, alternatively, requiring Respondents to provide him bond hearing within seven days. [*Id.* at 18].

On March 16, 2026, Petitioner filed an Emergency Motion for Expedited Decision on Petition for Habeas Corpus and Motion for Temporary Restraining Order and Preliminary Injunction (the "Emergency Motion"). [Doc. 13]. In that Emergency Motion, Petitioner argues that he has an upcoming hearing in immigration court on March 19, 2026, and "without direction from this Court, it appears likely that Petitioner will continue to be deprived of the bond hearing to which he is entitled to under 8 U.S.C. § 1226(a)." [*Id.* at 1–2].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept.

16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Mr. Lara Mejia's claims turn on whether Respondents may detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing under § 1226(a). The Court summarizes the statutory framework before turning to the claims asserted in this case.

## I.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–

3

(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)).  Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme."  *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297.  This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).[3]  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing."  *Lopez Benitez v. Francis*, 795 F. Supp. 3d

---

[3] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum."  *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution").  Respondents assert that "Petitioner does not qualify for detention under § 1225(b)(1)" and do not argue that he is detained under this subsection, *see* [Doc. 12 at 7], so the Court does not substantively address detention under this subsection.

475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.    Application to Petitioner's Claims

The Court's analysis begins with Count One, the statutory claim. Respondents argue that Mr. Lara Mejia is an "applicant for admission" under the INA, triggering § 1225(b)(2)(A)'s mandatory detention provision and rendering Petitioner unentitled to a bond hearing. *See* [Doc. 12 at 4–11].

This Court has previously addressed Respondents' statutory interpretation arguments in detail and, like the majority of courts across the country, has found them unpersuasive. *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *2–7 (D. Colo. Oct. 22, 2025) (interpreting the relevant provisions of §§ 1225 and 1226); *see also id.* at *5 ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[4] In *Loa Caballero*, this Court reviewed a similar habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE. *See id.* at *1. Like Petitioner here, the Government did not provide the petitioner in *Loa Caballero* with a bond hearing

---

[4] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens like to Petitioner who have been present in the country for some time and are not actively "seeking admission." *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 100587 (D. Colo. Jan. 14, 2026) (Martinez, J.).

because it claimed that § 1225 mandated his detention. *See id*. This Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at *6. "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)).

The Court also explained that interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at *7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at *5–8. The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases. *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026); *Bautista v. Noem*, No. 26-cv-00272-NYW, 2026 WL 532427, at *4 (D. Colo. Feb. 26, 2026).

Consistent with the Court's prior rulings and the weight of authority in this District, the Court concludes that § 1225(b)(2)(A) does not authorize Petitioner's detention. The "default rule" of discretionary detention under § 1226(a) therefore applies. *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7. And because Respondents have not provided the required bond hearing, Mr. Lara Mejia's continued detention without a bond hearing violates § 1226(a).

Furthermore, having determined that § 1226(a) governs Petitioner's detention, the Court concludes that his detention without a bond hearing violates his due process rights. Because Petitioner is detained under § 1226(a), at a minimum "the process due to him is that which is afforded under [§ 1226(a)]." *Lopez-Campos*, 797 F. Supp. 3d at 785. And as explained above, that process is an individualized bond determination. *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination."). The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights. *See, e.g.*, *Garcia Cortes*, 2025 WL 2652880, at *4; *Lopez-Campos*, 797 F. Supp. 3d at 784–85; *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 100587, at *6–7 (D. Colo. Jan. 14, 2026). The Court will **GRANT** the Petition as to Counts One and Two.

## III.    Appropriate Remedy

In the Petition, Mr. Lara Mejia requests that this Court order him immediately released. [Doc. 1 at 18]. Alternatively, he asks the Court to order Respondents to provide him with a bond hearing within seven days at which "they will bear the burden to demonstrate by clear and convincing evidence that he is a danger to the community or a flight risk." [*Id.*].

Because § 1226(a) "does not require release," but instead "provides DHS the discretion to grant an alien release on bond," *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025), the Court finds it

appropriate to order Respondents to provide Petitioner with a bond hearing before an immigration judge, who "is better suited to consider whether Petitioner poses a flight risk and a danger to the community," *Loa Caballero*, 2025 WL 2977650, at *9.

As for the burden of proof applicable at the hearing, although Petitioner asks the Court to order that Respondents shall bear the burden to justify Petitioner's continued detention by clear and convincing evidence, [Doc. 1 at 18], his Petition does not raise substantive arguments in support, *see generally* [*id.*].  Respondents do not address the applicable burden at all.  *See* [Doc. 12].  The Court declines to undertake a sua sponte analysis of this issue without developed arguments from the Parties.  Instead, the Court continues to concur with other cases in this District that have required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225.  *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2025) (this Court taking the same approach in absence of substantive briefing on burden-shifting issue); *see also, e.g.*, *Garcia Abanil*, 2026 WL 100587, at *8 ("[T]he weight of authority in this District is clear:  it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)).  *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to shift burden to the Government in a similar case).  The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also, e.g.*,

*Garcia Abanil*, 2026 WL 100587, at *8 (finding clear and convincing standard appropriate where noncitizen's "liberty interest hangs in the balance")

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **March 24, 2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention.**  On or before **March 31, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.[5]

Because this Court has granted the relief Petitioner seeks, the Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction, [Doc. 5], which asks the Court to (1) prohibit Respondents from relocating him outside of the Court's jurisdiction and (2) order Respondents to release him or provide him a bond hearing, [*id.* at 27], is respectfully **DENIED as moot**.  In addition, the Emergency Motion, [Doc. 13], is also **DENIED as moot**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED**;

(2)    Respondents shall provide Petitioner a bond hearing no later than **March**

---

[5] Petitioner also asks the Court to award him attorney's fees under the Equal Access to Justice Act.  [Doc. 1 at 18].  However, this District's Local Rules require that those requests be made by separate motion.  *See* D.C.COLO.LCivR 54.3.

**24, 2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

(3)    On or before **March 31, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required;

(4)    Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 5]  **DENIED as moot**; and

(5)    The Emergency Motion for Expedited Decision on Petition for Habeas Corpus and Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 13] is **DENIED as moot**.

DATED:  March 17, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

10