**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-00385-NYW-TPO

JOSE LARA MEJIA,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD LYONS, in his official capacity,
TODD BLANCHE, in his official capacity,
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
SIRCE OWEN, in her official capacity, and
U.S. DEPARTMENT OF HOMELAND SECURITY,[1]

     Respondents.

_____

**ORDER**
_____

This matter is before the Court on Petitioner's Motion to Enforce Judgment (the

"Motion" or "Motion to Enforce"). [Doc. 19]. The Motion is fully briefed. [Doc. 23; Doc. 25].

For the reasons set forth below, the Motion is respectfully **GRANTED**.

**BACKGROUND**

Petitioner Jose Lara Mejia ("Petitioner" or "Mr. Lara Mejia") is a citizen of Mexico

who has been present in the United States since 1999. [Doc. 1 at ¶¶ 1, 24]. He was

detained by ICE officers in January 2026. [*Id.* at ¶¶ 12–13]. That month, he filed a petition

_____

[1] Pursuant to Fed. R. Civ. P. 25(d), Markwayne Mullin and Todd Blanche are automatically
substituted in as Respondents as current officeholders.

for a writ of habeas corpus to challenge the legality of his detention. *See* [*id.*]. This Court

granted the Petition on March 17, 2026.[2] [Doc. 17]. The Court ordered Respondents to

provide Mr. Lara Mejia a bond hearing no later than March 24, 2026, and further ordered

that "[a]t the bond hearing, the Government shall bear the burden of proving, by clear and

convincing evidence, that Petitioner's continued detention is justified." [*Id.* at 9].

A hearing was held on March 19, 2026. [Doc. 19-2 at 3]. The immigration judge's

written order states as follows:

> The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:
>
> ☑ Denied, because
> After considering the totality of the circumstances and all relevant factors, the Court respects the District Court's Order but denies bond.
> If DHS bears the burden, the Court finds that DHS has met its burden to establish that the respondent is both a danger and a flight risk.
> If the respondent bears the burden, the Court finds that the respondent has not met his burden to establish that he is neither a danger to the community nor a significant flight risk such that release from custody is warranted.
> Accordingly, the Court denies the respondent's request for a change in custody status.
> To be clear, this Court has provided the respondent with an individualized bond hearing as ordered by the federal court.

[*Id.* at 2].

Mr. Lara Mejia filed the Motion to Enforce on April 7, 2026, arguing that the

immigration judge (or "IJ") failed to comply with this Court's order, "culminating in a

conclusory decision utterly devoid of individualized analysis." [Doc. 19 at 2]. He argues

---

[2] The Petition was filed on January 30, 2026 and was assigned to the Honorable Daniel D. Domenico. [Doc. 1; Doc. 2]. On March 16, 2026, Petitioner filed an Emergency Motion for Expedited Decision on Petition for Habeas Corpus and Motion for Temporary Restraining Order and Preliminary Injunction, which asked for a ruling on his Petition in advance of a March 19, 2026 immigration court hearing. [Doc. 13]. On March 17, Chief Judge Domenico recused from the case, [Doc. 15], and the case was then reassigned to the undersigned, [Doc. 16]. The Court entered its Memorandum Opinion and Order that same day due to the then-pending emergency motion. [Doc 17].

that the bond hearing failed to comply with due process requirements, and his "continued detention is unlawful." [*Id.*].  He asks that this Court enter an order directing his immediate release or ordering a new bond hearing, before a different immigration judge, "with explicit instructions ensuring compliance with the Court's Order."  [*Id.*].

## ANALYSIS

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat.) 204, 227 (1821)).  Respondents acknowledge that the Court "has inherent authority to ensure that its orders are carried out."  [Doc. 23 at 5].

Although the INA provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien," 8 U.S.C. § 1226(e), this statute "only bars review of the Attorney General's 'discretionary judgment,'" *Mendez v. Dedos*, No. 1:26-cv-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026) (quoting *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).  "Whether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review."  *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) ("Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226." (collecting cases)).

Thus, while the Court cannot "serv[e] as an appellate court over an IJ's bond decision," the Court may "assess[] whether the IJ applied the legal standard prescribed by this Court and otherwise followed the Court's directives." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). To the extent Respondents contend that Petitioner's Motion "asks the Court to substantively review the merits of the bond hearing and argues that the standard and evidence should have led the immigration judge to a different conclusion," [Doc. 23 at 8], the Court disagrees that this is proper framing of Petitioner's Motion. In this Order, the Court does not weigh the evidence before the immigration judge or act as an appellate court conducting a review of the IJ's ultimate determination. Instead, the Court will "review the nature and structure of the [IJ's decision] for the minimal indicia of due process." *Lopez v. Paulk*, --- F. Supp. 3d ----, 2026 WL 961948, at *5 (M.D. Ga. Apr. 6, 2026).

Mr. Lara Mejia argues that the immigration judge failed to comply with this Court's order imposing a clear and convincing evidentiary burden on Respondents to justify Petitioner's detention. He asserts that "it is doubtful that the IJ even attempted to apply this standard" in her ruling because "the IJ never mentions the clear and convincing evidence standard," the "IJ did not identify what evidence satisfied the Government's burden, how that evidence meets the stringent clear and convincing evidence standard, or what factors support the conclusion that Mr. Lara Mejia poses an unacceptable flight risk or danger." [Doc. 19 at 9, 12]. The Court respectfully agrees.

"The function of a standard of proof, as that concept is embodied in the Due Process Clause and in the realm of factfinding, is to instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual

conclusions for a particular type of adjudication." *Addington v. Texas*, 441 U.S. 418, 423 (1979) (quotation omitted). "To prove a fact by clear and convincing evidence is a heavy burden that equates to showing the fact is 'highly probable.'" *United States v. Dear*, 104 F.4th 145, 147 (10th Cir. 2024) (quoting *Florida v. Georgia*, 592 U.S. 433, 438–39 (2021)). There is no indication in the IJ's oral ruling at the close of the bond hearing, [Doc. 19-1], or her subsequent written order, [Doc. 19-2], that the IJ applied this applicable standard of proof—or even placed any burden on the Government at all.

The Court begins with the bond hearing itself, which the Court has listened to in its entirety. At the outset, the Government argued for approximately 90 seconds that, based on criminal charges filed in 2000, 2002, and 2003, Mr. Lara Mejia poses a danger to the community. *See* [Doc. 19-1 at 1:48–3:16]. The Government did not make *any* argument about risk of flight or even mention this component in passing. [*Id.*]. After hearing argument from Mr. Lara Mejia's attorney, [*id.* at 3:20–7:32], asking questions to Mr. Lara Mejia, [*id.* at 7:35–20:40], and hearing additional argument *from Mr. Lara Mejia*, [*id.* at 22:38–24:04], the IJ issued the following oral ruling:

> The court will issue its order now based on all the evidence and the legal argument of counsel. Madam interpreter I'll pause periodically so you can interpret; it's not a long order. The court has considered all evidence and argument of counsel. The court would note as an initial matter that the Department of Homeland Security contests jurisdiction, or contests the Court's authority or bond jurisdiction in this case, despite the issuance of the federal habeas order. Although respectfully the Department maintains that the federal district court has improperly shifted the burden to the Department of Homeland Security, however, [sic] the Court has moved forward and will make alternative findings. And just for the record I'm referring to civil case number 26-cv-0038-NYW-TPO [sic], District of Colorado. After considering the totality of the circumstances and all relevant factors, the court respects the federal district court's order but denies bond. That is, the court has allowed the Respondent to present all of his evidence and the court considers it in the best possible light. If the Department bears the burden, the court finds that the Department has met its burden to

> establish that the Respondent is both a danger and a flight risk.  If an appellate review body determines that the Respondent bears the burden, as is usual in these types of cases, the court finds that the Respondent has not met his burden to establish that he is neither a danger nor a significant flight risk such that release from custody is warranted.  Accordingly, the court denies the Respondent's request for a change in custody status.  To be clear, the court provided the Respondent with an individualized bond hearing as ordered by the federal district court.

[*Id.* at 24:07–28:57 (Spanish translations omitted)].

This cursory oral ruling "deprives the Court of a meaningful opportunity to review whether the IJ actually applied the standard it prescribed in its Order:  the clear and convincing standard to be satisfied *by the Government*."  *Quiroz Zacarias*, 2026 WL 1092162, at *4.  This ruling contains no case-specific analysis.  It does not reference the clear and convincing evidence standard, let alone identify the evidence that the immigration judge believed satisfied the Government's burden.  In fact, the IJ did not reference the Government's presentation of evidence at all, stating instead that she had "allowed" *Mr. Lara Mejia* to present evidence and viewed that evidence "in the best possible light."  These deficiencies "indicate an absence of the individualization required by due process."  *Lopez*, 2026 WL 961948, at *5 (finding that IJ failed to provide constitutionally adequate bond hearing where her decision "comprised two sentences," she did not discuss the petitioner's personal circumstances, and she "announced her decision immediately at the end of the hearing"); *cf. Arrendondo v. Baltazar*, No. 25-cv-03040-RBJ, ECF No. 26 at 8–9 (D. Colo. Dec. 18, 2025) (granting motion to enforce where the IJ considered evidence "without regard for what party proffer[ed] the evidence or the order in which it [was] considered," which "risk[ed] subtly reassigning the burden to the noncitizen").  "[T]he strength or paucity of [the habeas petitioner's] evidence cannot

substitute for the government's obligation to establish danger or flight risk by clear and convincing evidence in the first instance." *Arrendondo*, ECF No. 26 at 9.

The IJ's written order fares no better. Like the oral ruling, the written order does not mention the clear and convincing evidence standard. [Doc. 19-2 at 2]. It does not contain any analysis or expressly mention any evidence that the IJ considered in her bond determination. [*Id.*]. In other words, "the IJ supplied no reasoning, oral or otherwise, in support of her bond decision." *Quiroz Zacarias*, 2026 WL 1092162, at *4; *see also Arrendondo*, ECF No. 26 at 15 (in ruling that the IJ did not adhere to burden allocation ordered by the court, noting that the IJ's decision "never clearly identifie[d] what affirmative proof submitted by DHS satisfied th[e] burden in the first instance").

"Due process is not satisfied by rubberstamp denials of bond." *Garcia v. Hyde*, 817 F. Supp. 3d 112, 131 (D.R.I. 2025) (quoting *Chi Thon Ngo v. Immigr. & Naturalization Serv.*, 192 F.3d 390, 398 (3d Cir. 1999) (cleaned up)); *cf. Staton v. Mayes*, 552 F.2d 908, 916 (10th Cir. 1977) (while due process does not require a "full opinion or even formal findings of fact and conclusions of law," a decision made in "conclusory terms" is insufficient; "the decision maker should state the reasons for the determination and the evidentiary basis relied on"); *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) ("In the administrative context, an alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her, (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests." (cleaned up)). And a noncitizen can demonstrate that a bond hearing was constitutionally inadequate by showing that the immigration judge "simply did not apply the correct standard to the facts." *Garcia*, 817 F.

Supp. 3d at 126  (quotation omitted).  For the reasons explained above, the nature and structure of the bond hearing and the IJ's order demonstrate that the IJ failed to comply with this Court's order directing that the Government bear the burden of justifying Petitioner's detention by clear and convincing evidence.  This violated Mr. Lara Mejia's due process rights.  *Quiroz Zacarias*, 2026 WL 1092162, at *5; *Lopez*, 2026 WL 961948, at *5, *10.

Respondents' arguments opposing the Motion are not persuasive.  They contend that the immigration judge complied with the Court's order because she "acknowledged this Court's order," stating at the bond hearing that the hearing had been conducted "as ordered by the federal court," and because she stated in her written order that she had "provided [Mr. Lara Mejia] with an individualized bond hearing as ordered by the federal court."  [Doc. 23 at 5–7 (quotations omitted)].  However, "[m]erely stating the proper standard does not discharge the obligation to correctly apply the standard." *Akinsanya v. Garland*, 125 F.4th 287, 297 (1st Cir. 2025).  The IJ's assertions that she complied with this Court's order do not overcome the plain deficiencies on the face of her order. *Arrendondo*, ECF No. 26 at 8 (granting motion to enforce even though the IJ's decision stated that DHS bore the burden by clear and convincing evidence).

Respondents next argue that if the Court cannot determine whether the IJ complied with its Order, "the Court should ask the immigration judge to clarify its order, so that the Court can determine what burden of proof the immigration judge applied."  [Doc. 23 at 12].  The Court declines this suggestion.  This Court's ruling was unambiguous with respect to the applicable standard of review and burden of proof required at the bond hearing—it left no doubt that the Government would be required to justify Petitioner's

continued detention by clear and convincing evidence, and the Court declines to suggest that due process violations can be remedied after the fact by permitting an IJ a second opportunity to do what was required in the first instance. Any post-hoc explanations would not satisfy this Court that Mr. Lara Mejia was afforded the amount of process he was due at the hearing. *Cf. Quiroz Zacarias*, 2026 WL 1092162, at *4 (declining to credit IJ's belated explanation of the application of the burden of proof).

Respondents also contend that Mr. Lara Mejia can appeal the IJ's decision and "should exhaust those administrative remedies." [Doc. 23 at 15]. "In the immigration context, 'exhaustion of remedies is statutorily required only for appeals of final orders of removal.'" *Quiroz Zacarias*, 2026 WL 1092162, at *3 (quoting *Quintana Casillas v. Sessions*, No. 17-cv-01039-DME-CBS, 2017 WL 3088346, at *9 (D. Colo. Jul. 20, 2017)). Where a petitioner "challenges the procedures employed by the IJ at his bond hearing, . . . exhaustion is merely prudential, not mandatory," and "whether to require exhaustion is committed to sound judicial discretion." *Id.* Respondents' short argument does not demonstrate that exhaustion is required here, and "the Court will not require [Petitioner] to sit in an ICE detention facility for months on end while []he awaits a BIA decision." *Alvarado Lopez v. Dillman*, No. 1:25-cv-02456-LMB-LRV, 2026 WL 688958, at *6 (E.D. Va. Mar. 11, 2026); *Quiroz Zacarias*, 2026 WL 1092162, at *3 (same).

Finally, Respondents argue that, by requesting immediate release, Petitioner is "in essence asking the Court to overrule the decision of the immigration judge that he should remain in custody." [Doc. 23 at 13 (cleaned up)]. And "because release is not required under § 1226(a)," they assert that "release is not appropriate habeas relief." [*Id.* at 14].

In fashioning an appropriate remedy in similar cases, some courts have ordered a second bond hearing employing the constitutionally required standards.  *See, e.g.*, *Arrendondo*, ECF No. 26 at 15; *Bayani v. LaRose*, No. 26-cv-00266-JES-VET, 2026 WL 1270059, at *8 (S.D. Cal. May 8, 2026); *Castillo*, 2025 WL 4689387, at *7; *Lopez*, 2026 WL 961948, at *10.  Others have ordered the petitioner's immediate release.  *See, e.g.*, *Quiroz Zacarias*, 2026 WL 1092162, at *5; *Garcia Diaz v. Mattos*, No. 2:26-cv-00926-RFB-BNW, 2026 WL 1270816, at *7 (D. Nev. May 9, 2026); *Perez Sierra v. Margolin*, No. 25-cv-18829, 2026 WL 800158, at *4 (D.N.J. Mar. 23, 2026); *Garcia Ortiz v. Henkey*, No. 1:26-cv-00043-BLW, 2026 WL 948275, at *4 (D. Idaho Apr. 7, 2026); *Mendez*, 2026 WL 973077, at *2.

Upon review of this record and considering all the circumstances of this case, the Court finds that an order of immediate release is warranted.  In its prior Order, the Court signaled that if Petitioner did not receive a compliant bond hearing, immediate release would be appropriate.  *See* [Doc. 17 at 9 ("If Respondents . . . do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention." (emphasis omitted))].  Mr. Lara Mejia has now been unconstitutionally detained for nearly four months.  And even after this Court ruled that Petitioner's constitutional rights had been violated, his due process rights were violated *again* at the deficient bond hearing.  The Court sees no reason to order another bond hearing—and risk a third constitutional violation—and prolong the detention that this Court has already determined is unlawful.  *See Quiroz Zacarias*, 2026 WL 1092162, at *5 (ordering immediate release and recognizing that "[r]equiring [the petitioner] to undergo yet another" bond hearing "would only add further insult to the constitutional injury to

which Petitioner has already been subjected"); *Mendez*, 2026 WL 973077, at *2 (granting

immediate release where the bond hearing did not comply with the court's order).  In these

circumstances, the Court finds that immediate release is appropriate and warranted.

### CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    Petitioner's Motion to Enforce Judgment [Doc. 19] is **GRANTED**;

(2)    Respondents **SHALL RELEASE** Mr. Lara Mejia within **48 hours** of the

issuance of this Order;

(3)    On or before **May 22, 2026**, the Parties shall file a joint status report

confirming Mr. Lara Mejia's release and informing the Court whether further

proceedings are required in this case.

DATED:  May 15, 2026                          BY THE COURT:

Nina Y. Wang
United States District Judge

11